UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause Number: 6:18-cv-3108 |
| vs. ) | |
| ) | |
| FALL CREEK CONDOMINIUM ) | |
| OWNERS' ASSOCIATION, JERRY ) | |
| WEATHERLY, GLENDA ) | |
| WEATHERLY, and LARRY DENTON ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

James River Insurance Company ("James River"), for its Complaint for Declaratory Judgment against Fall Creek Condominium Owner's Association ("Fall Creek"), Jerry Weatherly, Glenda Weatherly and Larry Denton, pursuant to 28 U.S.C. 2201, states:

## PARTIES

1. Plaintiff, James River, is and was at all material times, a citizen of the states of Ohio and Virginia because it is a foreign insurance corporation organized under the laws of the state of Ohio with its principal place of business in the state of Virginia.

2. Defendant, Fall Creek Condominium Owners Association, is and was at all relevant times, a corporation organized under the laws of the state of Missouri and a citizen of this state.

3. Defendant, Jerry Weatherly is and was at all relevant times, an individual and a citizen of the state of Missouri.

4. Defendant, Glenda Weatherly, is and was at all relevant times, an individual and a citizen of the state of Missouri.

5. Defendant, Larry Denton, is and was at all relevant times, an individual and a citizen of the state of Missouri.

**VENUE**

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this suit occurred in this district.

**JURISDICTION**

7. This Court has jurisdiction pursuant to 28 U.S.C. § 2201, the Declaratory Judgments Act, and pursuant to 28 U.S.C. § 1332 because all of the defendants are from a state different from the plaintiff and because the matter in controversy exceeds $75,000, exclusive of interest and costs.

**ALLEGATIONS OF FACT**

8. Plaintiff, James River, issued a Commercial General Liability Policy to Fall Creek, bearing Policy Number 00073584-0, effective from September 4, 2016 to September 4, 2017. A copy of the James River policy is attached hereto as Exhibit A and incorporated herein by reference.

9. One and a half months after the effective date of the James River policy, Jerry and Glenda Weatherly (sometimes collectively referred to herein as "Weatherly") filed suit in the Circuit Court of Taney County, Missouri against Fall Creek and Larry Denton (the "Taney County Suit"), attached hereto as Exhibit B and incorporated herein by reference.

10. The Taney County Suit stems from an incident on November 27, 2012 in which Jerry Weatherly shot Nick Ramirez during a struggle at Fall Creek's condominium complex.

11. According to the allegations of the Taney County Suit, Jerry Weatherly was employed by Fall Creek at the time of the shooting incident. In the course of that employment, he had been

instructed by his boss, Larry Denton, to follow Ramirez and his girlfriend and to track their movements.

12.     Jerry Weatherly was criminally charged in connection with the shooting, but those charges were ultimately dismissed.

13.     In the Taney County Suit, Jerry and Glenda Weatherly seek to recover attorneys' fees and other expenses Jerry Weatherly incurred defending the criminal charges. The suit also seeks damages for Fall Creek's alleged wrongful termination of Jerry Weatherly's health insurance benefits and damages related to a heart attack Jerry Weatherly claims to have suffered as a result of the shooting incident and his subsequent criminal prosecution.

14.     Count I of the Taney County Suit is directed at Fall Creek and alleges that Fall Creek breached the terms of its bylaws by refusing to indemnify Jerry Weatherly for the expenses he incurred defending the criminal charges against him.

15.     Count I of the Taney County Suit alleges the following:

> 26.     This failure of the Defendants to indemnify JW caused such a hardship for the Plaintiffs and their family that the Plaintiffs lost their home, paid out all of their savings, and caused so much personal stress for JW that he had a heart attack at a time when the Plaintiff's lost their insurance because the Defendants failed to indemnify JW.

16.     Count II of the Taney County Suit is asserted against Fall Creek and Larry Denton and alleges negligence "in placing JW in harm's way."

17.     Count II alleges:

> 41.     Due solely to the negligence of Defendant and not due to any negligence of JW, the Plaintiffs have been harmed to a point that they lost their home, JW lost his job, insurance was lost by the Plaintiffs that would have covered any medical expenses which would have included the heart attack that was caused by the stress of JW being involved in the situation of a felony of first degree assault and armed criminal action without money to pay for any attorney, attorney expenses, and bail bond money when the Defendants failed to indemnify JW.

18. Count III of the Taney County Suit alleges "Improper Notice of Loss of Employment and Loss of Health Insurance" and alleges that Fall Creek improperly terminated Jerry Weatherly's health insurance benefits.

19. Count IV of the petition alleges punitive damages.

20. The Taney County Suit was removed to federal court based on federal question jurisdiction insofar as Count III of the Taney Count Suit implicated federal law.

21. Counsel for Fall Creek subsequently file a motion to dismiss Count III of the petition.

22. On August 21, the Federal District Court issued an order granting the motion to dismiss Count III as to Fall Creek and Larry Denton and remanding the remaining counts of the lawsuit back to state court. A copy of the federal court's order is attached hereto as Exhibit C and incorporated herein.

23. As a result, Weatherly's claims alleging improper termination of health insurance benefits are no longer pending.

24. The James River insurance policy issued to Fall Creek provides commercial general liability coverage ("CGL") in two parts, Coverage A and Coverage B. The Coverage A insuring agreement provides, in part:

> **SECTION I - COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

*   *   *

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

    **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

*   *   *

25. Coverage A excludes employer's liability with the following language:

    **2.**    **Exclusions**

This insurance does not apply to:

*   *   *

    **e.**    **Employer's Liability**

"Bodily injury" to:

    **(1)**    An "employee" of the insured arising out of and in the course of:

        **(a)**    Employment by the insured; or

        **(b)**    Performing duties related to the conduct of the insured's business; or

    **(2)**    The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

26. The Coverage B insuring agreement provides, in part:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

    **1.**    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages, However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which

this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

\* \* \*

**b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \*

27. The CGL policy defines "bodily injury" as follows:

    **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

28. The CGL policy defines "occurrence" as follows:

    **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

29. The CGL policy defines "property damage" as follows:

    **17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

30. The CGL police defines "personal and advertising injury as follows:

    **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    **a.** False arrest, detention or imprisonment;

    **b.** Malicious prosecution;

    **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, or material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

31. The policy is also endorsed with the Employment-Related Practices Exclusion, form CG 21 47 12 07, that excludes coverage for "bodily injury" to a person arising out of any termination of that person's employment.

32. Coverage A of the James River policy covers "bodily injury" and "property damage" caused by an "occurrence" that takes place in the coverage territory and causes damage that occurs during the policy period.

33. Coverage B of the James River policy covers "personal and advertising injury."

34. The James River policy also covers certain risks associated with employee benefit plans through a separate endorsement to the policy..

35. The Taney County Suit does not allege "property damage" as defined by the James River policy.

36. The only "bodily injury" alleged in the Taney County Suit, as defined by the policy, is Jerry Weatherly's heart attack.

37. Upon information and belief, Weatherly's alleged heart attack did not occur during the policy period.

38. The Employer's Liability Exclusion to Coverage A of the James River policy excludes coverage for bodily injury to an employee of the insured arising out of and in the course of performing duties related to the conduct of the insured's business.

39. Weatherly's petition alleges that he was an employee of the insured and alleges that his damages, including the alleged heart attack, arose out his performance of his duties.

40. The Employer's Liability exclusion therefore excludes coverage for Weatherly's claim for "bodily injury."

41. This exclusion also applies to exclude Glenda Weatherly's claims, under paragraph e(2) of the exclusion.

42. Count IV of the Taney County Suit, alleging punitive damages is excluded by language contained in the Combined Policy Exclusions endorsement to the policy.

43. The Taney County Suit does not allege "personal and advertising injury," so Coverage B of the James River Policy does not provide coverage for Weatherly's claims.

44. In accordance with the policy provisions quoted above, the James River policy does not cover the claims asserted by Weatherly in the Taney County Suit because the petition does not allege "property damage" as defined by the policy.

45. In accordance with the policy provisions quoted above, the James River policy does not cover the claims asserted by Weatherly in the Taney County Suit because the policy excludes coverage for claims against employers by their employees arising out of and in the course of performing their employment duties.

46. In accordance with the policy provisions quoted above, the James River policy does not cover the claims asserted by Weatherly in the Taney County Suit because the policy does not cover claims for bodily injury that occurred before the effective date of the policy.

47. In accordance with the policy provisions quoted above, the James River policy does not cover the claims asserted by Weatherly in the Taney Count Suit because Weatherly does not allege a "personal and advertising injury" as defined by the policy.

48. In accordance with the policy provisions quoted above, the James River policy does not cover the claims asserted by Weatherly in the Taney County Suit because the policy excludes coverage for punitive damages.

49. Pursuant to the foregoing terms, exclusions and endorsements, James River is not obligated to provide a defense to Fall Creek, Larry Denton or anyone else in the litigation instituted by Jerry and Glenda Weatherly as alleged herein, nor is it required to indemnify Fall Creek, Larry Denton or anyone else for Weatherly's claims made in such litigation, because the policy attached as Exhibit A does not provide coverage for the claims asserted by Jerry and Glenda Weatherly in the Petition attached as Exhibit B.

50. James River brings this declaratory judgment action, pursuant to 28 U.S.C. Section 2201, and states that there is an actual, justiciable controversy between James River and the defendants named and asks this Court to declare the rights and obligations of the parties with respect to the insurance policy attached as Exhibit A and with respect to the Petition attached as Exhibit B in the litigation instituted by Jerry and Glenda Weatherly as alleged herein.

## **PRAYER**

James River prays that defendants be cited to appear and answer and, upon final trial, James River be granted judgment as follows:

A. A declaration that the policy of insurance issued by James River, as alleged and attached as Exhibit A, provides no coverage for and no duty on behalf of James River to provide a defense to or to indemnify Fall Creek, Larry Denton, or anyone else, for the claims asserted in

the lawsuit styled, *Jerry Weatherly and Glenda Weatherly vs. Fall Creek Condominium Owners Association, Inc. and Larry Denton,* Cause Number 16AF-CC01090 in the Circuit Court of Taney County, Missouri.

B.  A declaration that James River shall have no duty or obligation to pay on behalf of Fall Creek, Larry Denton or anyone else any sum that Fall Creek, Larry Denton or anyone else may become obligated to pay by way of settlement or judgment in connection with the matter styled, *Jerry Weatherly and Glenda Weatherly vs. Fall Creek Condominium Owners Association, Inc. and Larry Denton,* Cause Number 16AF-CC01090 in the Circuit Court of Taney County, Missouri.

C.  Plaintiff prays for trial by jury on issues so triable.

Respectfully submitted,

GALLOWAY, JOHNSON, TOMPKINS
BURR & SMITH, P.C.

*/s/     Stephen J. Moore*

―――――――――――――――――――――
Stephen J. Moore (Atty. Reg. #58100)
7800 Forsyth Blvd., Suite 600
St. Louis, Missouri 63105
Telephone: (314) 725-0525
Facsimile: (314) 725-7150
smoore@gjtbs.com
ATTORNEYS FOR PLAINTIFF
JAMES RIVER INSURANCE COMPANY